# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN GREGORY GILLASPY,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.  1: 19-cv-01666-SAB<br><br>ORDER ENTERING STIPULATION FOR AWARD OF EAJA FEES AND GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF Nos. 15, 16, 17, 18) |

**I.**

**INTRODUCTION**

Petitioner Matthew F. Holmberg ("Counsel" or "Petitioner"), attorney for Shawn Gregory Gillaspy ("Plaintiff"), filed the instant amended motion for attorney fees on November 16, 2021. (Mot. Att'y Fees ("Mot."), ECF No. 17.)  Counsel requests fees in the net amount of $2,902.73 pursuant to 42 U.S.C. § 406(b)(1), with a credit to Plaintiff for the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") fee in the amount ultimately awarded once Counsel receives such fee.  Plaintiff was served with the motion and advised that any opposition to the motion was to be filed within fourteen days.  (Mot. 2, 12.)  Plaintiff did not file an opposition to the request. On March 10, 2020, the Commissioner of Social Security ("Defendant"), filed a response, specifying the filing was made in a role resembling that of trustee for Plaintiff, and that Defendant takes no position on the reasonableness of the fee.  (Def.'s Response Mot. Att'y Fees

("Response"), ECF No. 18.)  For the reasons discussed herein, Petitioner's motion for attorney fees shall be granted.

## II.

## BACKGROUND

On November 26, 2019, Plaintiff filed this action challenging the denial of social security benefits.  (ECF No. 1.)  Following service of Plaintiffs confidential letter brief, on June 22, 2020, the Court entered the parties' stipulation for remand and entered judgment in favor of Plaintiff.  (ECF Nos. 11, 12, 13, 14.)  On July 15, 2020, a stipulation for the award of attorney fees in the amount of $1,475.74 pursuant to the EAJA was filed.  (ECF No. 15.)  However, the stipulation was never expressly entered or approved by the Court, and has remained unaddressed on the docket since the filing.

Following remand, the Defendant granted Plaintiff's application for benefits, entitling Plaintiff to receive $51,610.92 in retroactive benefits.  (Mot. 4.)  The Commissioner withheld $12,902.73 from the past-due benefit for attorney fees.  (Id.)  This amount equals twenty-five percent (25%) of the retroactive benefit award.  (Id. at 4 n.1.)  In the instant motion, Petitioner seeks an order awarding attorney fees in the lesser amount of $2,902.73, and further ordering Petitioner to reimburse Plaintiff in the amount of the EAJA fee once it is awarded and received.  (Mot. 4.)

## III.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  The payment of such award comes directly from the claimant's benefits.  42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases."  Gisbrecht v.

Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting Gisbrecht, 535 U.S. at 793). The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. Gisbrecht, 535 U.S. at 808–09 ("§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Gisbrecht, 535 U.S. at 807. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 807 n.17; Crawford, 586 F.3d at 1148.

While the Supreme Court in Gisbrecht did not expressly "provide a definitive list of factors that should be considered in determining whether a fee is reasonable or how those factors should be weighed, the Court directed the lower courts to consider the 'character of the representation and the results the representative achieved.' " Crawford, 586 F.3d at 1151 (quoting Gisbrecht, 535 U.S. at 808). The Ninth Circuit has stated a court may weigh the following factors under Gisbrecht in determining whether the fee was reasonable: (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151-52.

Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. Gisbrecht, 535 U.S. at 796; Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d 1215, 1219 (9th Cir. 2012) (noting "the EAJA savings provision requires an attorney who receives a fee award under § 2412(d) of the EAJA in addition to a fee award under § 406(b) for the 'same work' to refund to the Social Security claimant the smaller award.").

///

## IV.

## DISCUSSION

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action. Gisbrecht, 535 U.S. at 807. Here, the fee agreement dated October 16, 2019, between Plaintiff and Petitioner provides that: "If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter **is a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for that particular work." (Decl. Matthew F. Holmberg ("Holmberg Decl.") ¶ 2, ECF No. 17 at 10; Social Security Representation Agreement ("Agreement"), Ex. 1, ECF No. 17-1 at 1.) Plaintiff has been awarded retroactive benefits in the amount of $51,610.92. (Mot. 3; Holmberg Decl. ¶ 4, Ex. 3, ECF No. 17-3 at 1.)

Consideration of the factors set forth in Gisbrecht and Crawford warrants no reduction of the fee Petitioner seeks. There is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured a successful result for Plaintiff. (Holmberg Decl. ¶¶ 3-7.) There is no indication that Counsel was responsible for any delay in the court proceedings, with no extensions of time requested for briefing by Plaintiff's counsel. (Mot. 4; ECF Nos. 17, 20.)

Plaintiff agreed to a twenty-five percent (25%) fee at the outset of the representation. However, Petitioner is only seeking approximately 5.6% of the total retroactive award, or $2,902.73. The Court finds the fee is not excessively large in relation to the retroactive award of $51,610.92. In making this determination, the Court recognizes the contingent nature of this case and the risk that counsel took of going uncompensated. Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

In support of the motion, Petitioner submitted a log of the time spent in prosecuting this action. (Holmberg Decl. ¶ 5, Ex. 4, ECF No. 17-4 at 1-2.) The log demonstrates that Petitioner spent 4.55 hours on this action, and a paralegal expended 3.65 hours. (Id.) Therefore, Petitioner

is seeking $2,902.73 for 8.2 hours of attorney and paralegal time.  When considering the total amount requested by Petitioner, the fee request translates to approximately $353.99 per hour for the services provided in this action.

In <u>Crawford</u> the Ninth Circuit found that fees of $519, $875, and $902 per hour, for time of both attorneys and paralegals, was not excessive.  <u>Crawford</u>, 486 F.3d at 1153 (Clifton, J., concurring in part).  Further, since <u>Gisbrecht</u>, courts note that reducing a fee request should not be routinely done and find fee awards of an effective hourly rate much higher than this to be reasonable.  <u>Williams v. Berryhill</u>, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an effective hourly rate of $1,553.36 per hour); <u>Coles v. Berryhill</u>, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94 reasonable under the circumstances); <u>Palos v. Colvin</u>, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought translate to $1,546.39 per hour for attorney and paralegal services); <u>see</u> <u>also</u> <u>Villa v. Astrue</u>, No. CIVS-06-0846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010) ("In practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award.").

The Court finds that the requested fees are reasonable when compared to the amount of work Petitioner performed in representing Plaintiff.  Petitioner's representation of the claimant resulted in the action being remanded for further proceedings and ultimately, substantial benefits were awarded.

The award of Section 406(b) fees is offset by any prior award of attorney fees granted under the EAJA.  28 U.S.C. § 2412; <u>Gisbrecht</u>, 535 U.S. at 796.  In this instance, as noted above, while the parties filed a stipulation on July 15, 2020, for the award of attorney fees in the amount of $1,475.74 pursuant to the EAJA, (ECF No. 15), the stipulation was never expressly entered or approved by the Court.  Accordingly, the Court shall enter and give effect to the previously filed stipulation, and order Petitioner to reimburse Plaintiff in the amount of EAJA fees ultimately received in the amount of $1,475.74.

///

# V.

# CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable, and that the parties' stipulation for the award of EAJA fees filed July 15, 2020, shall be approved and entered. Accordingly, IT IS HEREBY ORDERED that:

1. Pursuant to the stipulation of the parties (ECF No. 15), Plaintiff is awarded attorney fees and expenses under the EAJA in the amount of $1,475.74[1];

2. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $2,902.73 is GRANTED;

3. The Court authorizes payment to Petitioner in the amount of $2,902.73, representing attorney fees being withheld from Plaintiff's past due disability benefits; and

4. Upon receipt of this sum, Petitioner shall remit $1,475.74 directly to Plaintiff as an offset for EAJA fees awarded pursuant to 298 U.S.C. § 2412.

IT IS SO ORDERED.

Dated: **January 12, 2022**

UNITED STATES MAGISTRATE JUDGE

---

[1] While the stipulation refers to $1,475.74 in fees and expense, the motion for attorney fees only refers to the amount of fee of $1,455.84. The Court shall award the higher amount as originally stipulated under the EAJA that is inclusive of expenses and fees.